UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAIYLOR S. STURDIVANT, ) | |
| ) | |
| Plaintiff, ) | Case:1:22-cv-05698 |
| ) | |
| v. ) | |
| ) | |
| UA FITNESS LLC D/B/A URBAN ) | |
| ATHLETE, ) | |
| ) | Jury Trial Demanded |
| Defendant. ) | |

# COMPLAINT

Plaintiff, Taiylor S. Sturdivant ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against UA Fitness LLC d/b/a Urban Athlete ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), seeking redress for Defendant's race, color, and sex-based discrimination, sexual harassment and retaliation under Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b) insofar as Defendant operates and transacts business

in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C § 2000e(f).

5. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PREREQUISITIES

6. Plaintiff has fulfilled all conditions precedent to the filing of this lawsuit under the Title VII.

7. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of her receipt of the EEOC's Notice of Right to Sue.

## PARTIES

9. Plaintiff is an individual residing in Cook County, IL.

10. Defendant operates a gym at 4710 North Ravenswood Avenue, Chicago, IL 60640-4408, in which is in this judicial district.

11. At all times relevant, Plaintiff was employed and worked at Defendant's location at 4710 North Ravenswood Avenue, Chicago, IL 60640-4408.

## BACKGROUND FACTS

12. On or around February 9, 2022, Plaintiff was hired at UA Fitness LLC d/b/a Urban Athlete as a Front Desk Associate.

13. Since at least the beginning of her employment until she was terminated, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class.

14. Plaintiff was subjected to sexual harassment and discrimination on the basis of her sex, female, race, African-American and color, black.

15. Plaintiff reported the sexual harassment and discrimination to Defendant's Human Resources department ("HR").

16. HR ignored Plaintiff's complaints of sexual harassment and ultimately terminated Plaintiff's employment in retaliation for filing a complaint of sexual harassment and discrimination.

17. On or about March 22, 2022, Defendant's Owner, Mr. AJ Kidd (male) ("AJ") began closing the gym with Plaintiff.

18. AJ and Plaintiff were the only people in the gym while closing.

19. It was during this time that AJ started to become more personal with the Plaintiff by telling intimate details about himself that made Plaintiff uncomfortable.

20. Every time AJ would "squeeze by" Plaintiff behind the front desk, AJ would graze at Plaintiff's lower back and buttocks.

21. These encounters were calculated and purposeful to make Plaintiff feel uncomfortable.

22. On or around April 2, 2022, there was a scheduled work outing.

23. Owner AJ came into the gym before the outing, knowing that Plaintiff would be inside alone.

24. AJ told Plaintiff that he wanted to "hang out" before the work social and asked

Plaintiff what time she was going and what Plaintiff would be wearing.

25. Plaintiff advised AJ that she was going to go home and change; he responded that he "likes what I'm wearing now."

26. He then sat very close to Plaintiff and told her that he is bisexual and "very attracted to black women."

27. He went on stating that "Black women are my type because they are so much sexier and more put together."

28. Plaintiff became immediately uncomfortable and caught off guard by these comments.

29. On or around April 4, 2022, AJ started regularly coming into the gym right at 3:00 p.m., when Plaintiff's shift began.

30. On or around April 5, 2022, AJ learned that Plaintiff had left the work outing with a coworker.

31. On or around April 6, 2022, AJ started to become invasive about Plaintiff's personal life, asking questions about dating people and Plaintiff's relationship status with a coworker.

32. Plaintiff complained to her manager, Ms. Nelle Lawrence ("Manager Nelle"), that AJ made her feel uncomfortable with his inappropriate comments.

33. Manager Nelle ignored Plaintiff's complaints.

34. Plaintiff left the conversation feeling ashamed and embarrassed, wondering if it was a mistake to come forward about the harassment.

35. On or around April 7, 2022, Manager Nelle sent out a revised dress code policy to the front desk staff.

4

36. Plaintiff inquired to AJ as to why dresses or skirts were not allowed anymore. His reply was, "It's not that I don't appreciate your dresses and skirts."

37. On or about April 15, 2022, Plaintiff confided in a coworker about AJ's sexual advances toward her and feeling targeted and uncomfortable by the dress code changes.

38. On or around April 25, 2022, in retaliation, AJ abruptly pulled Plaintiff aside with Nelle to tell her that she was "creating a toxic work environment" by allegedly making people behind the desk uncomfortable.

39. AJ also stated that he would be cutting both Plaintiff's hours as well as her co-worker's hours and that he would be permanently working behind the desk with Plaintiff for all her shifts.

40. Prior to Plaintiff complaining about AJ's sexual advances, he would constantly praise Plaintiff for her outstanding work.

41. On or around April 30, 2022, Plaintiff came into work in the same black shorts that she had been wearing since the last dress code change.

42. AJ began yelling at Plaintiff and made her drive home and change into "more athletic" shorts.

43. Manager Nelle was present when Plaintiff returned to the gym and AJ began yelling at her again saying, "do you not understand the dress code?!"

44. Plaintiff explained that she did not believe that the shorts violated the new policy.

45. Upon review of the policy, it was determined that there had not been a violation of the dress policy; In retaliation, Defendant immediately revised the dress policy in front of Plaintiff and stated that her shorts were now in violation.

46. Thereafter, during another work event, AJ became jealous of Plaintiff's date with her co-worker and interfered and sat between them making them both feel very uncomfortable.

47. On or around May 4, 2022, Plaintiff inquired about the new schedule since her hours were reduced.

48. When Plaintiff returned to work she saw that her hours were cut to only Monday and Tuesday, approximately 11 hours total, from her previous working hours of 35-40 hours.

49. When Plaintiff inquired as to why her hours were drastically cut, there was no response other than AJ was the "boss."

50. On or around May 6, 2022, AJ texted Plaintiff about a difficult sale the Plaintiff had with a client saying that he (AJ) knew who the client was, which Plaintiff understood to mean that she would not be getting paid for the sale.

51. Plaintiff immediately went to the manager who had always handled commissions, Mr. Rich Wagner, to ensure that she would be paid for the sale.

52. On or around May 12, 2022, Plaintiff texted Manager Nelle to ask if they could discuss all the issues Plaintiff was experiencing since reporting the sexual harassment, including the multiple dress code changes and hours and commissions being reduced.

53. Thereafter, Plaintiff's work e-mail account was immediately deleted and/or locked out.

54. Plaintiff received a phone call from AJ and Manager Nelle the following day and was informed that she had been terminated.

55. No reason was provided for the Plaintiff's termination.

56. Plaintiff was subjected to sex, race and color discrimination, sexual harassment, and terminated in retaliation for complaining of discrimination, in violation of the Title VII of the Civil Rights Act.

57. Plaintiff met or exceed Defendant's performance expectations during the entire duration of her employment.

58. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

**COUNT I**
**Violation of 42 U.S.C. Section 1981**
**Race-Based Discrimination**

59. Plaintiff repeats and re-alleges paragraphs 1-58 as if fully stated herein.

60. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

61. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

62. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

63. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

**COUNT II**
**Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.**
**Color-Based Discrimination**

64. Plaintiff repeats and re-alleges paragraphs 1-58 as if fully stated herein.

65. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

66. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

67. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

68. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

**COUNT III**
**Violation of Title VII of The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.**
**Race-Based Harassment**

69. Plaintiff repeats and re-alleges paragraphs 1-58 as if fully stated herein.

70. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed Plaintiff on the basis of her race, African American, and because of her color in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

71. Defendant knew or should have known of the harassment.

72. The race and color harassment was severe or pervasive.

73. The race and color harassment was offensive subjectively and objectively.

8

74. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to her race, African American, and color, Black.

75. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT IV
### Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*
### Sex-Based Harassment

76. Plaintiff repeats and re-alleges paragraphs 1-58 as if fully stated herein.

77. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed Plaintiff on the basis of her sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

78. Defendant knew or should have known of the harassment.

79. The sexual harassment was severe or pervasive.

80. The sexual harassment was offensive subjectively and objectively.

81. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to her sex, female.

82. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT V
### Violation of 42 U.S.C. § 2000e, *et seq.*
### Retaliation

83. Plaintiff repeats and re-alleges paragraphs 1-58 as if fully stated herein.

84. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq.*

85. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful race, color and sex discrimination which created a sufficiently severe or pervasive work condition in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

86. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of race, sex and color discrimination.

87. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

88. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the race–based, sex-based and color-based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

89. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

90. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a.    Back pay with interest;

    b.    Payment of interest on all back pay recoverable;

    c.    Compensatory and punitive damages;

    d.    Reasonable attorneys' fees and costs;

    e.    Award pre-judgment interest if applicable; and

    f.    Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury for all issues so triable.

Dated this 18th day of October 2022.

                                                                               */s/ Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
**CHAD EISENBACK, ESQ.**
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
ceisenback@sulaimanlaw.com
*Attorneys for Plaintiff*

11